United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-51140
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

HERLINDA CORONA ULLOA,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:05-CR-834-ALL
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

     Herlinda Corona Ulloa appeals her 125-month sentence imposed

following her guilty plea to possession with intent to distribute

more than 100 kilograms of marijuana.  Ulloa argues that her

sentence is unreasonable because it is greater than necessary to

meet the sentencing goals of 18 U.S.C. § 3553(a).  She argues

that her sentence is too severe and that it fails "to account for

the decreasing recidivism of older offenders."  She also argues

that the record does not reveal that the sentence is necessary to

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

provide her with educational or vocational training, medical care, or other correctional treatment.

Under the discretionary sentencing scheme established by United States v. Booker, 543 U.S. 220 (2005), district courts retain the duty to consider the Sentencing Guidelines along with the sentencing factors set forth in § 3553(a). United States v. Mares, 402 F.3d 511, 518-19 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). Ulloa's sentence is within the guidelines range and is presumptively reasonable. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). We infer in our reasonableness review that the district court considered the § 3553(a) factors in imposing the sentence. See United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006); Alonzo, 435 F.3d at 554.

AFFIRMED.